16 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Larry Darnell JONES, Petitioner-Appellant,
v.
Raymond G. TOOMBS, Respondent-Appellee.
 Nos. 93-1153, 93-1154.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1993.
 
 Before: NELSON and BATCHELDER, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner-appellant, Larry Darnell Jones (hereinafter "Jones"), appeals the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Petitioner Jones claimed ineffective assistance of trial counsel at his Michigan state trial. For the following reasons, we affirm the judgment of the district court.
 
 I.
 
 2
 Petitioner Jones was convicted on November 21, 1985 in Muskegon County Circuit Court, Michigan for obstructing justice by offering a bribe to a witness in violation of MCLA Sec. 750.505; MSA Sec. 28.773 and attempting to incite or procure perjured testimony in violation of MCLA Sec. 750.425; MSA Sec. 28.667 in the trial of his brother, Darryl Jones, who faced larceny charges. Specifically, petitioner was charged with having communicated with the complaining witness who had been robbed, Shahanawaz Alam, in the pending criminal case against petitioner's brother Darryl Jones and with attempting to convince Alam not to testify that Darryl Jones had robbed him.
 
 
 3
 At petitioner's trial, Alam testified that the night before the preliminary hearing in which he was going to testify that he was robbed by petitioner's brother, Darryl, he received three telephone calls from a man who identified himself as Larry Jones and who offered him $200 not to testify against Darryl. Alam testified that he could hear children in the background; the caller put his wife on the telephone; the caller suggested meeting at Denny's Restaurant; and the caller told him his telephone number. Alam also testified that petitioner approached him in the courthouse hallway on the day of his brother Darryl's preliminary hearing, identified himself as Larry Jones, and renewed the bribe offer.
 
 
 4
 The defense at Jones' trial was mistake of identity. A third brother, Vernard Jones, testified that it was he, not petitioner, who approached Alam in the courthouse hallway, but Vernard denied offering a bribe. Although petitioner informed his attorney that Darryl Jones, not himself, had made the incriminating telephone calls to Alam, his attorney did not call Darryl Jones as a witness at petitioner's trial. After conviction, the trial court sentenced Jones as a habitual offender to a 30-to-50-year prison term. Jones' trial attorney was William E. Jackson, who had been an attorney for fifteen years prior to representing Jones.
 
 
 5
 After exhausting his state remedies, petitioner Jones filed a pro se petition for writ of habeas corpus in October 1989 in the United States District Court for the Western District of Michigan, which was consolidated with an amended petition for writ of habeas corpus filed by his attorney. Petitioner alleged he was denied the effective assistance of trial counsel by his attorney's failure to call petitioner's brother Darryl Jones as a witness at petitioner's trial.
 
 
 6
 A magistrate judge issued his first Report and Recommendation on October 11, 1990, concluding that there was no merit to the ineffective assistance of trial counsel claim because petitioner had not shown that his brother Darryl's testimony would have aided his defense of misidentification.
 
 
 7
 Petitioner objected to this Report and Recommendation. The district court ordered the magistrate to reconsider the ineffective assistance of counsel claim in light of a letter from petitioner's counsel indicating he believed his performance was deficient because he failed to call petitioner's brother Darryl as a witness at trial due to medications he was taking and an affidavit from petitioner's brother Darryl stating he, not petitioner, made the phone calls to Alam.
 
 
 8
 In a supplemental Report and Recommendation of April 30, 1991, the magistrate concluded that there existed no basis for ineffectiveness because the trial attorney had engaged in a deliberate trial strategy by not calling petitioner's brother as a witness at his trial. Petitioner Jones filed objections, attaching a transcript of Darryl's larceny trial testimony in which Darryl stated that he had telephoned Alam while he was in jail awaiting trial.
 
 
 9
 The district judge entered a second order, which held that the magistrate erred as to the ineffective assistance of trial counsel claim. The district judge determined that the prejudice prong of the two-part Strickland test could be met because, had Darryl testified, the jury might have had a reasonable doubt about petitioner's guilt. The court then ordered the case remanded to the magistrate for an evidentiary hearing to determine if the deficient performance prong of Strickland had been met.
 
 
 10
 In a final Report and Recommendation, the magistrate determined that Jones was not denied the effective assistance of counsel because the trial counsel's claim of intimidation and that his medical condition affected his representation of Jones was unsubstantiated by the record. The magistrate again concluded that the decision not to call petitioner's brother Darryl as a witness was the result of a deliberate trial strategy. The district court adopted this final Report and Recommendation of the magistrate. Petitioner timely filed this appeal.
 
 II.
 
 11
 Petitioner Jones first contends he was denied a fair trial because the trial court admitted Alam's hearsay testimony that a telephone caller identified himself as Larry Jones, who was the defendant at trial.
 
 
 12
 Petitioner is attempting to use the writ of habeas corpus to challenge the validity of a state evidentiary ruling. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). "A federal court may not issue the writ on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984).
 
 
 13
 We find no violation of federal law. Identification of a voice over a telephone can be authenticated "by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." Fed.R.Evid. 901(b)(5). Requisite familiarity can be "acquired either before or after the particular speaking which is the subject of the identification...." Fed.R.Evid. 901(b)(5) (Advisory Committee Notes for Example 5). Alam, the complaining witness, testified that the voice of the man who called him and the voice of the man who approached him in the hallway were the same, providing compliance under the federal evidentiary laws. See United States v. Lopez, 758 F.2d 1517, 1520 (11th Cir.1985) (circumstances surrounding taped telephone conversation substantiated claim that recorded voice belonged to defendant), cert. denied, 474 U.S. 1054 (1986). Under federal law, Alam's testimony authenticated the statements and allowed them to be admitted as the admission of a party-opponent under Fed.R.Evid. 801(d)(2). Therefore, the district court did not err in denying the writ of habeas corpus on the basis of this claim.
 
 
 14
 We also find that petitioner Jones was not denied the effective assistance of appellate counsel due to his appellate counsel's failure to raise the hearsay issue on direct appeal. Jones does not have a constitutional right to have his appellate counsel raise every possible legal issue on direct appeal, provided counsel decides not to pursue the claims based on professional judgment. Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Because the hearsay issue is patently non-meritorious, counsel's failure to raise it did not deny petitioner effective assistance of appellate counsel.
 
 III.
 
 15
 Petitioner Jones finally argues that he was denied the effective assistance of counsel at his trial for attempting to procure perjured testimony because his defense attorney, Jackson, failed to call his brother Darryl Jones as a witness even though petitioner had informed his attorney that it was Darryl, not himself, who made the incriminating phone calls to Alam. After Jones' conviction, his brother Darryl stated in an affidavit that if he had been called as a witness at petitioner's trial, he would have testified that he was the person who had telephoned Alam, but used the name of Larry Jones.
 
 
 16
 Petitioner Jones' brother Darryl was incarcerated awaiting his preliminary hearing when Alam received the telephone calls. The government contends that Darryl was not the person who made the phone calls to Alam because Darryl could not obtain access to a Denny's or conceivably put a woman on the telephone nor could the noise of the children be accounted for if Darryl had called Alam when he was in jail. Moreover, Alam knew details of petitioner's life, which he said were revealed during the telephone conversation that he could not have known otherwise. Petitioner's brother Darryl stated in his affidavit that he would have testified that he had made the telephone calls using a three-way line belonging to a Brian Jones. However, no affidavit from Brian Jones was submitted.
 
 
 17
 At the evidentiary hearing before the magistrate, Attorney Jackson testified that he did not call the brother Darryl to testify or investigate petitioner's claim that it was Darryl who attempted the bribe. Jackson stated he had written a letter to the state trial judge requesting that Darryl be present at Jones' trial. The trial court then instructed him to complete a writ of habeas corpus so that Darryl could be released from prison in order to testify. Jackson failed to obtain a writ. Attorney Jackson testified that his failure to call Darryl was not due to any deliberate trial strategy. The attorney attributed his lapse to his poor health condition and caving into intimidation by the trial judge and the assistant prosecutor. The district court did not find Jackson to be credible and determined that he did not call Darryl as a result of a deliberate trial strategy.
 
 
 18
 Strickland v. Washington, 466 U.S. 668 (1984) sets forth a two-part test to determine whether a trial attorney was ineffective at trial. First, the attorney's conduct must be deficient; it must fall below an objective standard of reasonable representation such that counsel was not functioning as "counsel" as guaranteed by the Sixth Amendment. Id. at 687-88; Blackburn v. Foltz, 828 F.2d 1177, 1180 (6th Cir.1987), cert. denied, 485 U.S. 970 (1988). Second, this deficient performance must have prejudiced the defense such that counsel's error deprived petitioner of a "fair trial ... whose result is unreliable." 466 U.S. at 687. "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." Id. at 698. We review the trial court's findings of fact under the clearly erroneous standard. Blackburn, 828 F.2d at 1181.
 
 
 19
 Strickland thus first requires a showing that the representation of counsel was deficient and fell below an objective standard of reasonableness. 466 U.S. at 688. The district court adopted the magistrate's final Report and Recommendation that Attorney Jackson's performance was reasonable. The district judge noted that Attorney Jackson's main defense at petitioner's trial was misidentification by Alam of the person who approached him in the courthouse hallway. To that end, Attorney Jackson had Vernard Jones, another brother of petitioner, testify that he, Vernard, had approached Alam outside the courtroom in the hallway and identified himself as petitioner, but did not attempt to bribe him. The jury heard this testimony, weighed it against the testimony of the complaining witness Alam, and believed Alam.
 
 
 20
 The district court concluded that trial counsel's decision not to call Darryl as a witness was reasonable because Darryl, a convicted felon, would have had little credibility with the jury in admitting the commission of another felony with which his brother Larry was charged. See United States v. Snyder, 787 F.2d 1429, 1432-33 (10th Cir.), cert. denied, 479 U.S. 836 (1986). We agree. If Darryl had testified in addition to Vernard testifying, the jury would have seen three brothers with criminal records banding together to prevent one of them (petitioner) from serving time in prison. At the time of the evidentiary hearing, no brother agreed to testify that he had offered the bribe of $200. As the district court observed, Darryl's additional testimony could have reduced the value of Vernard's testimony.
 
 
 21
 Moreover, it is not ineffective assistance for trial counsel to decide not to call a defense witness whose bias or interest in favor of the defendant will be obvious to the jury. United States v. Curtis, 742 F.2d 1070, 1074-75 (7th Cir.1984) (when interest and bias of potential defense readily apparent, it is not incompetent not to call them), cert. denied, 475 U.S. 1064 (1986). In the present case, the obvious bias of petitioner's two brothers could have created the suspicion in the jury's mind that they were falsely claiming to be the ones who telephoned and approached Alam merely to get their brother "off the hook." Therefore, we believe the district court was correct in holding that attorney Jackson's decision not to call Darryl as a witness was a reasonable strategic decision that is well within the discretion of trial counsel as set forth in Strickland, 466 U.S. at 690-91.
 
 
 22
 As evidence that Attorney Jackson's decision not to call Darryl was deliberate and due to his realization of the negative effect Darryl's testimony would have had on the defense, the district court pointed out that during trial, reference was made to the crime committed against Alam by Darryl. Attorney Jackson objected that such reference would be "highly prejudicial" to his client. The district court concluded it would be even more prejudicial to petitioner for the prosecution on cross examination to impeach Darryl by exposing all of Darryl's past convictions, and that Attorney Jackson's objection indicated he was concerned about such prejudice.
 
 
 23
 Attorney Jackson argued that he failed to call Darryl because he was on medications and was intimidated by the trial judge and the prosecutor. After the evidentiary hearing, the magistrate concluded that it was not credible that Attorney Jackson was intimidated and the district court agreed with this conclusion, noting that Attorney Jackson had given conflicting testimony about why he failed to call Darryl. The district court agreed with the magistrate that Jackson's statement that he was intimidated by the trial judge not to get a writ of habeas corpus for Darryl to be released from prison in order to testify at petitioner's trial was not credible because Jackson took actions to file a grievance against the trial judge. The court specifically found that Jackson's decision not to call Darryl was a deliberate strategy and not prompted by the effects of his medication. Deference to the district court's factual findings in a habeas ineffective assistance of counsel case are particularly warranted when the court's findings are based on testimony given at an evidentiary hearing before the court. Lewandowski v. Makel, 949 F.2d 884, 889 (6th Cir.1991). A finding that counsel chose a course of action for tactical reasons represents a factual determination which can be reversed only if it is clearly erroneous. Evans v. Thompson, 881 F.2d 117, 125 (4th Cir.1989), cert. denied, 497 U.S. 1010 (1990). We have reviewed the record and note that there is no dispute that plaintiff's trial counsel had a history of medical problems. However, these medical problems were specifically dealt with by the district court and both the state trial judge and state prosecutor testified at the evidentiary hearing that at trial Jackson did not indicate that he was having any medical problems and appeared to be functioning in good health. We cannot say that these findings of fact and credibility determinations of the district court are clearly erroneous.
 
 
 24
 For these reasons, we affirm the decision of the district court that petitioner's ineffectiveness claim failed the deficient performance prong of the Strickland analysis.[1]
 
 IV.
 
 25
 For the foregoing reasons, the judgment of the district court that the habeas petition be dismissed is hereby AFFIRMED.
 
 
 
 [1]
 Because the district court correctly determined the deficient performance prong, no analysis of the prejudice prong is required. Strickland, 466 U.S. at 687