BAUER v FERRIBY & HOUSTON, PC

Docket No. 207050. Submitted April 6, 1999, at Detroit. Decided May 18, 1999, at 9:00 A.M.

Brent Bauer brought an action in the Wayne Circuit Court against Ferriby & Houston, P.C., alleging legal malpractice. The court, Marianne O. Battani, J., granted summary disposition for the defendant, ruling that the action was barred by the statute of limitations because it was not brought within two years of when the defendant discontinued serving the plaintiff. The court rejected the plaintiff's contention that the defendant resumed serving the plaintiff when the defendant investigated an allegation made by the plaintiff's new attorney that the defendant had made an error in representing the plaintiff. The plaintiff appealed.

The Court of Appeals *held*:

1. Retention of an alternative attorney effectively terminated the attorney-client relationship between the defendant and the client. Here, there is no dispute that the plaintiff retained other counsel for an entirely different legal matter. Further, it was this latter attorney-client relationship that gave rise to concerns about the defendant's performance regarding the earlier legal matter. Finally, the defendant did not bill the plaintiff for investigating the alleged error in representation. Under the uncontroverted facts, the defendant, in investigating the alleged error, did not continue an existing attorney-client relationship with the plaintiff or resume an earlier terminated attorney-client relationship with the plaintiff. The trial court correctly ruled that the plaintiff's legal malpractice action was time-barred.

2. The trial court did not err in granting summary disposition before the close of discovery. The plaintiff failed to show that further discovery would have created a genuine issue of fact for resolution at trial.

Affirmed.

LIMITATION OF ACTIONS — LEGAL MALPRACTICE — ATTORNEY-CLIENT RELATIONSHIP.

An attorney does not continue or revive an attorney-client relationship for purposes of the two-year statute of limitations for legal malpractice actions by briefly investigating, at no cost to the client,

an allegation by a newly retained attorney serving the client on an entirely different legal matter that the attorney formerly retained made an error in representing the client (MCL 600.5805[4]; MSA 27A.5805[4]).

*William Pultusker*, for the plaintiff.

*Collins, Einhorn, Farrell & Ulanoff, P.C.* (by *Brian Einhorn* and *Noreen L. Slank*), for the defendant.

Before: SAAD, P.J., and MURPHY and O'CONNELL, JJ.

O'CONNELL, J. This legal malpractice case presents the question whether an attorney's brief revisitation of an otherwise closed case in order to investigate and correct an alleged error attendant to the earlier representation has the effect of extending the previous representation for purposes of identifying when the applicable period of limitation for a malpractice action begins to run, MCL 600.5805(4); MSA 27A.5805(4). The trial court held that in this case it did not. Plaintiff appeals as of right. We affirm.

Plaintiff engaged defendant pursuant to plaintiff's wish to redeem a worker's compensation claim. Defendant settled plaintiff's case for $85,000, and an order to that effect was entered on July 26, 1994. Plaintiff then applied for social security benefits, engaging other counsel for this purpose. On February 1, 1996, plaintiff's new counsel sent a letter to defendant suggesting that an omission in the redemption order caused plaintiff's social security benefits to be offset by the worker's compensation settlement. Counsel asked defendant to submit an amended order in hopes of curing the problem. Although defendant endeavored to research and remedy the alleged error, defendant's and plaintiff's new attorney's efforts did not succeed in enhancing plaintiff's social security

benefits. On April 17, 1997, plaintiff commenced this malpractice action against defendant. On defendant's motions for summary disposition, the trial court ruled that plaintiff's claim was over two years old and thus barred by the applicable statute of limitations, MCL 600.5805(4); MSA 27A.5805(4).[1]

MCL 600.5838(1); MSA 27A.5838(1) establishes that a malpractice claim against a lawyer "accrues at the time that person discontinues serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose." At issue here is whether the period of limitation began running when plaintiff's redemption order was entered, on July 26, 1994, or whether defendant's follow-up activities at the prodding of plaintiff's new counsel in February 1996 had the effect of extending defendant's period of service to plaintiff and thus starting anew the running of the period of limitation. "A lawyer discontinues serving a client . . . upon completion of a specific legal service that the lawyer was retained to perform." *Maddox v Burlingame*, 205 Mich App 446, 450; 517 NW2d 816 (1994). This case rests on the important distinction between an ongoing attorney-client relationship and a remedial effort concerning past representation.

A lawyer has an ethical duty to serve the client zealously. See, e.g., *Grievance Administrator v Fried,*

---

[1] The trial court also observed that plaintiff had missed the six-month window allowed for filing a malpractice claim upon discovery of the basis for what would otherwise be an untimely claim, MCL 600.5838(2); MSA 27A.5838(2). Because plaintiff's counsel evidenced knowledge of defendant's alleged error more than six months before plaintiff filed suit, and because counsel's knowledge is imputed to plaintiff for purposes of the discovery rule, that plaintiff cannot take advantage of the discovery rule is not at issue here.

456 Mich 234, 242; 570 NW2d 262 (1997); *American Employers' Ins Co v Medical Protective Co*, 165 Mich App 657, 660; 419 NW2d 447 (1988). Some of a lawyer's duties to a client survive the termination of the attorney-client relationship, most notably the general obligations to keep client confidences and to refrain from using information obtained in the course of representation against the former client's interests. See MRPC 1.6 and 1.9 and comments. Sound public policy would likewise encourage a conscientious lawyer to stand ever prepared to advise a former client of changes in the law bearing on the matter of representation, to make a former client's file available if the former client had need of it, and, indeed, to investigate and attempt to remedy any mistake in the earlier representation that came to the lawyer's attention. To hold that such follow-up activities attendant to otherwise completed matters of representation necessarily extends the period of service to the client would give providers of legal services a powerful disincentive to cooperate with a former client who needs such attention. We conclude that the proper inquiry is whether the new activity occurs pursuant to a current, as opposed to a former, attorney-client relationship.[2]

"Retention of an alternative attorney effectively terminates the attorney-client relationship between the defendant and the client." *Maddox, supra* at 450. Here, there is no dispute that plaintiff retained other counsel for an entirely different legal matter—his social security case. Further, it was this latter attorney-client relationship that gave rise to concerns

---

[2] Of course, if a lawyer commits some new error to a former client's detriment while attempting to remedy a past mistake, the statute of limitations concerning the new error would begin to run at that time.

about defendant's performance regarding the closed worker's compensation case. Nor is there any dispute that defendant did not bill plaintiff for any of the follow-up efforts. See *Maddox, supra* at 451 ("an attorney's act of sending a bill constitutes an acknowledgment by the attorney that the attorney was performing legal services for the client"). Under these uncontroverted facts, we regard the activities of defendant in 1996 as a response to a complaint about an earlier, terminated representation, not as legal service in furtherance of a continuing or renewed attorney-client relationship. Thus the trial court properly held that plaintiff's claim was time-barred.

Plaintiff also argues that the trial court erred in granting summary disposition before the close of discovery. We disagree. Plaintiff wishes to engage in further discovery in order to discern the full extent to which defendant may have acted on plaintiff's behalf in attempting to amend plaintiff's redemption order for the purpose of improving plaintiff's position concerning social security entitlements. In light of our ruling, further discovery would not change the result. Accordingly, because plaintiff has failed to show that further discovery would have created a genuine issue of material fact for resolution at trial, the trial court did not err in granting defendant's motion for summary disposition. *Bancorp Group, Inc v Michigan Conference of Teamsters Welfare Fund*, 231 Mich App 163, 168; 585 NW2d 777 (1998).

Affirmed.