KLOIAN v SCHWARTZ

Docket No. 267033. Submitted August 9, 2006, at Detroit. Decided
   September 12, 2006, at 9:00 a.m. Leave to appeal sought.

   J. Edward Kloian brought an action in the Wayne Circuit Court against
   Michael A. Schwartz and Schwartz, Kelly & Oltarz-Schwartz, P.C.,
   alleging legal malpractice in connection with the defendants' repre-
   sentation of him in two prior cases: a legal malpractice case (the
   Wayne County case) and a contract fee dispute (the Washtenaw
   County case). After the plaintiff filed his complaint, this case was
   transferred to John H. Gillis, Jr., J., who had earlier presided over the
   Wayne County case. The court denied the plaintiff's motions to
   transfer the case back to the original judge and to disqualify Judge
   Gillis. The court subsequently granted the defendants summary
   disposition, concluding that the action was time-barred with respect
   to the claim involving the Wayne County case and that the plaintiff
   had failed to state a legally cognizable claim with respect to the
   Washtenaw County case. The plaintiff appealed.

   The Court of Appeals *held*:

   1. The trial court did not err by granting summary disposition to
   the defendants with respect to the claim involving the Wayne County
   case. Generally, a legal malpractice claim must be brought within two
   years of the date the claim accrues. A claim for legal malpractice
   accrues when an attorney discontinues serving the plaintiff in a
   professional capacity. As a general rule, a legal malpractice claim
   accrues on the attorney's last day of professional service in the matter
   out of which the malpractice claim arose. In the absence of an
   attorney's dismissal by the court or the client, if an attorney sends a
   notice of withdrawal as his or her final act of professional service, a
   legal malpractice claim with respect to a matter that has been finally
   dismissed by the trial court's order accrues when the attorney sends
   the affirmative notice of withdrawal. In this case, the plaintiff filed
   his complaint more than two years after Schwartz sent the plaintiff
   affirmative notification of the defendants' withdrawal following the
   trial court's dismissal of the Wayne County case.

   2. The trial court also did not err by granting summary
   disposition to the defendants with respect to the claim involving
   the Washtenaw County case. To state a claim for legal malpractice,

a plaintiff must allege (1) the existence of an attorney-client relationship, (2) negligence in the legal representation of the plaintiff, (3) that the negligence was the proximate cause of an injury, and (4) the fact and the extent of the injury alleged. The plaintiff's conclusory allegations in this case with respect to the third and fourth elements, unsupported by factual allegations, were insufficient to state a cause of action.

3. Because the plaintiff did not preserve the issue of improper denial of an opportunity to amend his complaint following summary disposition on the claim involving the Washtenaw County case, appellate review is limited to plain error. Because the plaintiff did not seek leave of the trial court to amend or obtain the defendants' written consent, MCR 2.116(I)(5) did not require the trial court to sua sponte offer the plaintiff an opportunity to amend. No plain error occurred.

4. The plaintiff failed to show that the risk of actual bias resulting from Judge Gillis's status as the decision maker in prior legal malpractice cases the plaintiff brought was so high that he was denied his constitutional due process guarantee of an impartial decision maker.

Affirmed.

WHITE, J., concurring in part and dissenting in part, dissented with regard to the claim concerning the Wayne County case. The plaintiff retained the defendants to represent him in pending litigation in that matter, rather than retaining them for a specific legal service, such as the sale of a business. The defendants did not move to withdraw, and there was no evidence that the plaintiff formally terminated their services before his substitute counsel filed an appearance in that case. The defendants' obligation to represent the plaintiff in the Wayne County case would have continued after that case was dismissed until the time for an appeal of right had passed. The plaintiff's retention of another lawyer in the meantime relieved the defendants of their obligation. Because the plaintiff filed his complaint within two years after he retained substitute counsel, his complaint was timely. The trial court's grant of summary disposition with respect to the claim involving the Wayne County case should be reversed. In all other respects, Judge WHITE concurred with the majority.

1. LIMITATION OF ACTIONS — ACCRUAL OF CLAIMS — MALPRACTICE — ATTORNEYS.

A legal malpractice claim accrues, in general, on the attorney's last day of professional service in the matter out of which the malpractice claim arose; in the absence of an attorney's dismissal by the court or the client, if an attorney sends a notice of withdrawal as

his or her final act of professional service, a legal malpractice claim with respect to a matter that has been finally dismissed by the trial court's order accrues when the attorney sends the affirmative notice of withdrawal (MCL 600.5838[1]).

2. NEGLIGENCE — ATTORNEYS — ELEMENTS OF LEGAL MALPRACTICE.

To state a claim for legal malpractice, a plaintiff must allege (1) the existence of an attorney-client relationship, (2) negligence in the legal representation of the plaintiff, (3) that the negligence was the proximate cause of an injury, and (4) the fact and the extent of the injury alleged.

*Michael A. Mixer* for the plaintiff.

*Schwartz, Kelly & Oltarz-Schwartz, P.C.* (by *Michael Alan Schwartz*), for the defendants.

Before: SAAD, P.J., and JANSEN and WHITE, JJ.

JANSEN, J. In this legal malpractice case, plaintiff appeals as of right the circuit court's order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(7) and (8). Plaintiff also challenges the circuit court's orders transferring this case to a different judge and denying plaintiff's motion for disqualification of the judge. We affirm.

This case arises out of two underlying actions in which defendants provided legal representation for plaintiff. The first was a set of consolidated Wayne County cases in which plaintiff filed suit against three attorneys and their respective law firms, alleging legal malpractice (Wayne County case). The second underlying action was a contract fee dispute in Washtenaw County, for which plaintiff retained defendants in October 2002 (Washtenaw County case). Plaintiff alleges that defendants committed malpractice in both underlying actions. In the circuit court, the present case was transferred to Judge John H. Gillis, Jr., who had presided over the Wayne County case.

After plaintiff's unsuccessful attempts to transfer this case back to the original judge and to disqualify Judge Gillis, the circuit court granted summary disposition for defendants with respect to the Wayne County case, ruling that plaintiff had failed to file his complaint within the two-year period of limitations for legal malpractice actions. The circuit court also granted summary disposition for defendants with respect to the Washtenaw County case, ruling that plaintiff had failed to state a legally cognizable claim.

I

Plaintiff argues that the circuit court erred by granting summary disposition with respect to the Wayne County case on the basis of the statute of limitations. We review de novo a trial court's decision on a motion for summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). In reviewing a motion for summary disposition under MCR 2.116(C)(7), we accept the contents of the complaint as true unless the moving party contradicts the plaintiff's allegations and offers supporting documentation. *Pusakulich v Ironwood*, 247 Mich App 80, 82; 635 NW2d 323 (2001). We consider affidavits, depositions, admissions, and other documentary evidence if the supporting materials are admissible. *Id.* In the absence of a disputed fact, whether a cause of action is barred by the statute of limitations is a question of law subject to review de novo. *Magee v Daimler-Chrysler Corp*, 472 Mich 108, 111; 693 NW2d 166 (2005).

Defendants assert that they discontinued serving plaintiff in the Wayne County case on May 13, 2003, and that plaintiff's malpractice claim therefore accrued on that date. Consequently, defendants contend that plaintiff's claim, filed on May 17, 2005, was time-barred by the two-year period of limitations. We agree.

Defendants in the case at bar submitted a letter from defendant Schwartz to plaintiff, dated May 13, 2003, which stated in relevant part:

> Enclosed please find orders from the Wayne County Circuit Court dismissing your malpractice cases against Fried, Gold, Findling and their law firms. In dismissing these cases, Judge Gillis remarked that you have a history of suing lawyers. He found that your claims were barred by the doctrine of *res judicata*. He also made reference to his decision dismissing your malpractice case against Howard Lederman. He incorporated the reasoning in his written opinion in that case, which he issued in that case on October 21, 2002, into these cases.

> You have twenty-one (21) days from today within which to file a claim of appeal. That gives you until June 3, 2003. If you do not file a claim of appeal by that time, you lose your right of appeal. After that, you could file an application for leave to appeal, which is discretionary with the court. Accordingly, if you intend to file an appeal of these orders of dismissal, you should do so no later than June 3, 2003.

> If you want to file an appeal, you should obtain another lawyer to do so, as I shall not be representing you on any appeal of these dismissals. As I indicated to you previously, I have concluded that you had virtually no chance of success in these matters, given the orders and opinions of Judge Shapero in the United States Bankruptcy Court. It is my belief that any appeal of these dismissals would be a waste of time, money and effort. I do not foresee any basis upon which an appellate court would reverse the dismissals. The princip[le] of *res judicata* which Judge Gillis used in dismissing your malpractice case against Lederman was used by him in dismissing these cases. It is unlikely in the extreme that any appellate court would overturn such a ruling.

We reiterate that the Wayne County case had already been dismissed by final order of the circuit court at the time of defendant Schwartz's letter to plaintiff.

A legal malpractice claim must be brought within two years of the date the claim accrues, or within six months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. MCL 600.5805(6); MCL 600.5838. This case does not involve the six-month discovery provision. The accrual of a claim for professional malpractice is governed by MCL 600.5838(1), which provides:

> [A] claim based on the malpractice of a person who is, or holds himself or herself out to be, a member of a state licensed profession accrues at the time that person discontinues serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

Special rules have been developed in an effort to determine exactly when an attorney "discontinues serving the plaintiff in a professional ... capacity" for purposes of the accrual statute. For example, this Court has stated that an attorney's representation of a client generally continues until the attorney is relieved of that obligation by the client or the court. *Mitchell v Dougherty*, 249 Mich App 668, 683; 644 NW2d 391 (2002).[1] This Court has also ruled that "[r]etention of an alternate attorney effectively terminates the attorney-client relationship." *Id.*, citing *Maddox v Burlingame*, 205 Mich App 446, 450; 517 NW2d 816 (1994).

These rules, however, are useful only to the extent that they actually serve to measure the accrual of a

---

[1] See also *Hooper v Hill Lewis*, 191 Mich App 312, 315; 477 NW2d 114 (1991) (holding that the plaintiff's letter to the defendant attorneys stating that they had no authority to act on his behalf "relieved defendants of their obligation to represent him" and noting that "[a]n attorney discontinues serving a client, for purposes of the statute of limitations, when the attorney is relieved of the obligation to serve by either the client or a court").

claim within the meaning of MCL 600.5838(1). Certain factual situations do not permit application of these rules. Instead, certain situations require application of the more general rule, defined in *Gebhardt v O'Rourke*, 444 Mich 535, 543; 510 NW2d 900 (1994). There, our Supreme Court held simply that a legal malpractice claim accrues on the attorney's "last day of professional service" in the matter out of which the claim for malpractice arose. *Id.* Similarly, this Court has held that when an attorney is not dismissed by the court or the client, and substitute counsel is not retained, the attorney's service discontinues "upon completion of a specific legal service that the lawyer was retained to perform." *Maddox, supra* at 450, citing *Chapman v Sullivan*, 161 Mich App 558, 561-562; 411 NW2d 754 (1987).

We once again recognize that a plaintiff's legal malpractice claim accrues on the day that the attorney last provides professional service in the specific matter out of which the malpractice claim arose. *Gebhardt, supra* at 543. We now hold that in the absence of an attorney's dismissal by the court or the client, and in the event that an attorney sends notice of withdrawal as his or her final act of professional service, a legal malpractice claim with respect to a particular matter that has been finally dismissed by order of the trial court accrues at the time affirmative notification of withdrawal is sent.[2] Because

---

[2] Relying on MCR 2.117(C), plaintiff argues that an attorney's last day of service in a particular matter does not occur until the time for an appeal of right has passed. We agree that in cases in which counsel is not dismissed by the court or the client, in which no substitute counsel is retained, and in which the attorney fails to send affirmative notification of withdrawal from service, MCR 2.117(C)(1) likely extends the attorney's service in the matter until "the time for appeal of right has passed." Here, however, defendant sent affirmative notification of withdrawal from service in the underlying matter on May 13, 2003. That day marked defendant's last day of professional service, and the legal malpractice period of limitations began to run at that time. In general, once an attorney has discontinued serving the

defendants last performed professional service in the underlying matter on May 13, 2003, when Schwartz sent plaintiff affirmative notification of defendants' withdrawal, plaintiff's legal malpractice claim accrued on that day.[3] Plaintiff's claim, filed on May 17, 2005, was time-barred by the applicable two-year period of limitations. Summary disposition was proper pursuant to MCR 2.116(C)(7).

II

Plaintiff also argues that the circuit court erred by granting summary disposition to defendants with respect to the Washtenaw County case pursuant to MCR 2.116(C)(8). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim on the basis of the complaint alone. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). This Court accepts all factual allegations and reasonable inferences supporting a claim as true, and construes such allegations and inferences in favor of the nonmoving party. *Id.*; *McHone v Sosnowski*, 239 Mich App 674, 676; 609 NW2d 844 (2000).

---

plaintiff-client, additional acts by the attorney will not delay or postpone the accrual of a legal malpractice claim. See *Bauer v Ferriby & Houston, PC*, 235 Mich App 536, 539; 599 NW2d 493 (1999). We similarly hold that once defendants sent affirmative notification of withdrawal, thereby discontinuing their service to plaintiff, MCR 2.117(C) did not operate to delay or postpone the accrual of plaintiff's claim.

[3] We reject the argument that defendants' professional service in the underlying matter continued until appellate counsel assumed representation of plaintiff. Plaintiff was evidently aware of his right to appeal, and in fact retained appellate counsel effective May 27, 2003. We recognize that "[r]etention of an alternative attorney effectively terminates the attorney-client relationship between the defendant and the client." *Maddox, supra* at 450. However, as discussed above, defendants' service to plaintiff *had already been terminated* at the time Schwartz provided affirmative notification of defendants' withdrawal from professional service. Plaintiff's legal malpractice claim accrued at the time of defendants' last act in the underlying matter—the May 13, 2003, letter.

A motion under subrule C(8) should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. *Id.*

Under MCR 2.111(B)(1), a plaintiff need only plead factual allegations sufficient to reasonably inform an adverse party of the nature of the claims against which the adverse party must defend. *Rymal v Baergen,* 262 Mich App 274, 301 n 6; 686 NW2d 241 (2004). To state a claim for legal malpractice, a plaintiff must allege (1) the existence of an attorney-client relationship, (2) negligence in the legal representation of the plaintiff, (3) that the negligence was the proximate cause of an injury, and (4) the fact and the extent of the injury alleged. *Charles Reinhart Co v Winiemko,* 444 Mich 579, 585-586; 513 NW2d 773 (1994). Plaintiff contends that he sufficiently alleged all four elements.

Plaintiff's factual allegations regarding the underlying Washtenaw County case are contained in paragraph 8 of his complaint. There, plaintiff alleged that defendants represented him for a period in the Washtenaw County case. Although some of plaintiff's factual allegations are conclusory, they identify several specific instances of alleged negligence, including allegations that defendants failed to notify plaintiff of a motion to appoint a guardian ad litem, refused to file a motion to determine the balance due on a land contract, refused to argue a motion to add necessary parties, and refused to file a motion to eliminate claims of exemplary damages. Thus, plaintiff sufficiently alleged the first two elements of a legal malpractice claim.

With respect to the third and fourth elements of a legal malpractice claim, however, plaintiff's conclusory allegations are insufficient to state a cause of action. Plaintiff was required to allege that defendants' negligence proximately caused an injury, as well as to state the extent of

that injury. *Charles Reinhart, supra* at 585-586. With respect to these elements, plaintiff's complaint states:

> 30. As a result of the violation of the standard of care described above in [the Washtenaw County case] and [the Wayne County case], Plaintiff Kloian has been damaged directly and proximately in his peace of mind, property, standing in the community, standing in the Courts and impairment of choses in action. He has incurred the following items of damage:
>
> (a) Damage to his property and his ability to generate income.
>
> (b) Attorneys' fees.
>
> (c) Lost income.
>
> (d) Mental anguish and emotional distress.
>
> (e) Humiliation, mortification, shock and fright.

This conclusory paragraph, unsupported by factual allegations, is insufficient to satisfy the proximate-cause or injury elements of a legal malpractice action. Plaintiff failed to include factual allegations regarding how the specific instances of alleged malpractice caused the alleged injuries. Plaintiff's complaint is silent regarding the effect, if any, of the alleged instances of negligence on the outcome or resolution of the underlying Washtenaw County case. "A mere statement of a pleader's conclusions, unsupported by allegations of fact, will not suffice to state a cause of action." *Lawsuit Financial, LLC v Curry*, 261 Mich App 579, 592; 683 NW2d 233 (2004). Summary disposition was properly granted under MCR 2.116(C)(8).

III

Plaintiff also argues that, after granting summary disposition with respect to the Washtenaw County case pursuant to MCR 2.116(C)(8), the circuit court improp-

erly denied him the opportunity to amend his complaint. Because plaintiff did not preserve this issue in the circuit court,[4] our review is limited to plain error. *Veltman v Detroit Edison Co*, 261 Mich App 685, 690; 683 NW2d 707 (2004).

MCR 2.116(I)(5) provides:

> If the grounds asserted are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified.

MCR 2.118(A) provides:

> (1) A party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading.
>
> (2) Except as provided in subrule (A)(1), a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires.

Because plaintiff did not seek leave of the court or obtain defendants' written consent to amend his complaint as required by MCR 2.118(A)(2), MCR 2.116(I)(5) did not require the court to sua sponte offer plaintiff an opportunity to amend. Therefore, no plain error occurred.

IV

Plaintiff lastly contends that this case was erroneously transferred to Judge Gillis. This case was reassigned to Judge Gillis on the basis that it arose out of

---

[4] Plaintiff did not raise this before the court in response to the motion and did not move for rehearing in the circuit court on this basis.

the same transaction as the underlying Wayne County case, over which Judge Gillis had presided. Plaintiff argues that the instant case does not arise out of the same transaction or occurrence as the underlying Wayne County case.

MCR 8.111(D) provides in pertinent part:

> (1) [I]f one of two or more actions arising out of the same transaction or occurrence has been assigned to a judge, the other action or actions must be assigned to that judge;
>
> (2) if an action arises out of the same transaction or occurrence as a civil action previously dismissed or transferred, the action must be assigned to the judge to whom the earlier action was assigned[.]

Actions arise from the same transaction or occurrence only if each arises from the identical events leading to the other action. *Wayne Co Prosecutor v Parole Bd*, 210 Mich App 148, 156; 532 NW2d 899 (1995).

Plaintiff relies on *Johnson v Rifkin & Kingsley*, unpublished opinion per curiam of the Court of Appeals, issued November 22, 1996 (Docket No. 181343),[5] in which a panel of this Court opined that a legal malpractice action did not arise from the same transaction or occurrence that lead to the underlying medical malpractice action. Nevertheless, because the plaintiff in that case did not allege that the reassignment of the case in the lower court was motivated by impermissible considerations or that the lower court judge was biased or partial, this Court concluded that reversal was not required. *Id.*, slip op at 3. The instant plaintiff contends that because he alleged bias and prejudice in the circuit court, a different result is warranted in this case. As discussed below, we conclude that plaintiff's argument

---

[5] Unpublished opinions of this Court are not precedentially binding under the rules of stare decisis. MCR 7.215(C)(1).

is meritless because he abandoned his allegations of personal bias and prejudice on appeal and his due process argument for disqualification is unfounded.

Plaintiff contends that the circuit court erred by denying his motion for disqualification. Generally, to preserve this issue for appellate review, a motion to disqualify must be filed within 14 days after the moving party discovers the basis for disqualification, the moving party must include in the motion all grounds for disqualification known at the time the motion is filed, and the moving party must submit an affidavit. MCR 2.003(C)(1) and (2); *Cain v Dep't of Corrections*, 451 Mich 470, 494; 548 NW2d 210 (1996). Although plaintiff argues on appeal that the timeliness requirement did not apply because his motion was not premised on the types of bias articulated in MCR 2.003(B), we note that his motion was based in part on Judge Gillis's alleged personal bias, MCR 2.003(B)(1).

In any event, plaintiff confines his argument on appeal to the constitutional due-process impartiality requirement discussed in *Crampton v Dep't of State*, 395 Mich 347; 235 NW2d 352 (1975). We review constitutional issues de novo. *City of Taylor v Detroit Edison Co*, 475 Mich 109, 115; 715 NW2d 28 (2006).

Due process requires an unbiased and impartial decision maker. *Cain, supra* at 497; *Olson v Olson*, 256 Mich App 619, 642; 671 NW2d 64 (2003). As our Supreme Court observed in *Crampton, supra* at 351:

> The United States Supreme Court has disqualified judges and decisionmakers without a showing of actual bias in situations where "experience teaches that the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." Among the situations identified by the Court as presenting that risk are where the judge or decisionmaker

(1) has a pecuniary interest in the outcome;

(2) "has been the target of personal abuse or criticism from the party before him";

(3) is "enmeshed in [other] matters involving petitioner * * *"; or

(4) might have prejudged the case because of prior participation as an accuser, investigator, fact finder or initial decisionmaker. [Citations omitted.]

Plaintiff contends that Judge Gillis was enmeshed in other matters involving plaintiff inasmuch as Judge Gillis sat as the decision maker in the underlying Wayne County case and in another legal malpractice case brought by plaintiff. Plaintiff fails, however, to show how Judge Gillis's status as the decision maker in these prior cases resulted in a probability of actual bias that was too high to be constitutionally tolerable. Rather, in support of his argument, plaintiff points to defendants' alleged attempts to bias Judge Gillis against plaintiff. However, plaintiff does not contend that these alleged attempts were successful. We conclude that plaintiff has failed to show that the risk of actual bias was such that he was denied his constitutional due-process guarantee of impartiality. *Cain, supra* at 514-518.

Given our disposition of the issues in this case, we need not address plaintiff's remaining argument on appeal.

Affirmed.

SAAD, P.J., concurred.

WHITE, J. (*concurring in part and dissenting in part*). I respectfully dissent from the majority's affirmance of the circuit court's grant of summary disposition of the legal malpractice claim regarding the Wayne County case. In all other respects, I concur.

The period of limitations governing a legal malpractice action is two years. MCL 600.5805(6). A legal malpractice claim accrues at the time that an attorney discontinues serving a client with respect to matters out of which the claim for malpractice arose:

> [A] claim based on the malpractice of a person who is, or holds himself or herself out to be, a member of a state licensed profession accrues at the time that person discontinues serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim. [MCL 600.5838(1).]

MCR 2.117(C) provides:

> (1) Unless otherwise stated or ordered by the court, an attorney's appearance applies only in the court in which it is made, or to which the action is transferred, until a final judgment is entered disposing of all claims by or against the party whom the attorney represents *and the time for appeal of right has passed.* . . .
>
> (2) An attorney who has entered an appearance may withdraw from the action or be substituted for *only on order of the court.* [Emphasis added.]

As the majority notes, defendants submitted a letter from defendant Schwartz to plaintiff dated May 13, 2003, in support of their motion for summary disposition, which stated:

> Dear Mr. Kloian:
>
> Enclosed please find orders from the Wayne County Circuit Court dismissing your malpractice cases against Fried, Gold, Findling and their law firms. In dismissing these cases, Judge Gillis remarked that you have a history of suing lawyers. He found that your claims were barred by the doctrine of *res judicata.* He also made reference to his decision dismissing your malpractice case against Howard Lederman. He incorporated the reasoning in his written

opinion in that case, which he issued in that case on October 21, 2002, into these cases.

You have twenty-one (21) days from today within which to file a claim of appeal. That gives you until June 3, 2003. If you do not file a claim of appeal by that time, you lose your right of appeal. After that, you could file an application for leave to appeal, which is discretionary with the court. Accordingly, if you intend to file an appeal of these orders of dismissal, you should do so no later than June 3, 2003.

If you want to file an appeal, you should obtain another lawyer to do so, as I shall not be representing you on any appeal of these dismissals. As I indicated to you previously, I have concluded that you had virtually no chance of success in these matters, given the orders and opinions of Judge Shapero in the United States Bankruptcy Court. It is my belief that any appeal of these dismissals would be a waste of time, money and effort. I do not foresee any basis upon which an appellate court would reverse the dismissals. The principal [sic] of *res judicata* which Judge Gillis used in dismissing your malpractice case against Lederman was used by him in dismissing these cases. It is unlikely in the extreme that any appellate court would overturn such a ruling.

Very truly yours,

Michael Alan Schwartz

" 'A lawyer discontinues serving a client when relieved of the obligation by the client or the court, [1] or upon completion of a specific legal service that the lawyer was retained to perform.' " *Balcom v Zambon,* 254 Mich

---

[1] See also *Hooper v Hill Lewis,* 191 Mich App 312, 315; 477 NW2d 114 (1991) (holding that the plaintiff's letter to the defendant attorneys stating that they had no authority to act on his behalf "relieved defendants of their obligation to represent him" and noting that "[a]n attorney discontinues serving a client, for purposes of the statute of limitations, when the attorney is relieved of the obligation to serve by either the client or a court"), *Maddox, supra* at 450 (noting that "[r]etention of an alternative attorney effectively terminates the attorney-client relationship between the defendant and the client"), *Bolster v Monroe Co Bd of Rd Comm'rs,* 192 Mich App 394, 398-399; 482

App 470, 484; 658 NW2d 156 (2002), quoting *Maddox v Burlingame,* 205 Mich App 446, 450; 517 NW2d 816 (1994), which in turn cited *Stroud v Ward,* 169 Mich App 1, 6; 425 NW2d 490 (1988), and *Chapman v Sullivan,* 161 Mich App 558, 561; 411 NW2d 754 (1987). In *Chapman, supra* at 561, the Court noted that the defendant attorney had been retained to perform a "specific legal service, i.e., to advise and represent [the plaintiff] in the sale of her business and draft certain documents in connection with the sale," versus having been retained "to represent [the] plaintiff in any pending or proposed litigation." *Chapman,* which defendants cite on appeal, thus sheds light on the meaning of the phrase "specific legal service." In the instant case, plaintiff retained defendants to represent him in the consolidated Wayne County cases, i.e., pending litigation, as opposed to retaining defendants for a specific legal service, such as the sale of a business.

In *K73 Corp v Stancati,* 174 Mich App 225; 435 NW2d 433 (1988), also cited by defendants on appeal, the president of K73 Corporation filed suit against the defendant attorney he had hired to represent him in the sale of his business. The circuit court dismissed the plaintiff's legal malpractice case on statute of limitations grounds. This Court affirmed. After citing MCL 600.5805 and quoting 600.5838(1) and (2), this Court noted:

> Reading the two sections in conjunction reveals that under § 5805 the period of limitation is two years from the time the claim accrues at the time the last service is rendered. Finally, § 5838 provides that the running of the statute is tolled for six months after the plaintiff discovers or should have discovered the existence of the claims. Thus,

NW2d 184 (1991) (holding that when attorney made no attempt to withdraw as counsel for the plaintiffs, and pursued their interests, the trial court did not err in finding that he continued to represent the plaintiffs and quoting MCR 2.117[C][2]).

a legal malpractice action must be brought within two years of the date the attorney discontinues serving the plaintiff or within six months after the plaintiff discovers or should have discovered the existence of the claim. The plaintiff may take advantage of whichever provision provides the longer period within which to file. *Chapman v Sullivan,* 161 Mich App 558, 563; 411 NW2d 754 (1987).

Plaintiff first contends that defendant did not "discontinue treating or otherwise serving" plaintiff as to the matters out of which the claim for malpractice arose until within two years of the date the complaint was filed. Plaintiff theorizes that defendant's retention of the corporate books and records and preparation of the corporation's 1983 minutes constituted an ongoing service and representation within two years of filing suit.

Defendant counters that these services did not specifically pertain to matters out of which the claim for malpractice arose, i.e., the sale of the business and the alleged failure of defendant to seek and obtain security for plaintiff's interest.

This Court has held that an attorney does not "discontinue treating or otherwise servicing his client" for purposes of the malpractice statute of limitations until his client or the court relieves him of the obligation. *Chapman, supra,* p 561. In the present case, the record indicates that defendant discontinued serving plaintiff regarding the sale of the business on February 4, 1982, the date of the final billing submitted by defendant. After this date, defendant was not involved in any matters associated with the sale of the business as plaintiff had retained another attorney, Milton Marovich. Although defendant admitted that after plaintiff was represented by Marovich he was approached by Drennan's attorney and plaintiff in the courthouse hallway because he had knowledge of the sale of the business, defendant did not believe that he gave plaintiff any advice, opinions or comments on the sale of the business after February 4, 1982. Defendant did not represent plaintiff in any pending or proposed litigation after this date. Moreover, when deposed, plaintiff admitted that in April, 1982, Marovich represented him in connection with the sale of the business and, thereafter, he did not seek legal services from defendant regarding

this matter. Thus, we conclude that plaintiff relieved defendant of his obligation in April, 1982, which was well over two years before plaintiff filed this action [on September 21, 1984].

Plaintiff must therefore show that he did not or could not have discovered the existence of his claim until after March 21, 1984. [*K73, supra* at 228-229 (citations omitted).]

Anno: *Attorney malpractice—Tolling or other exceptions to running of statute of limitations,* 87 ALR5th 473, 496, discusses *K73 Corp* as follows:

It should be noted that most courts, when dealing with a former client's argument that an attorney's "continuous representation" of the client serves to toll the statute of limitations on the client's legal malpractice action, or serves to trigger a later commencement date for the action, will look to the date on which the subject attorney submitted a final bill for services to the client or the date on which a formal termination of services occurred.

In the instant case, defendants presented no evidence below that they submitted a final bill for services to plaintiff, or that their services were formally terminated,[2] before May 27, 2003, the date on which plaintiff's substitute counsel filed an appearance.

---

[2] I do not agree with the majority and defendants that defendants' letter of May 13, 2003, quoted earlier, affirmatively stated that they were terminating their representation of plaintiff. The letter did not state that defendants were closing plaintiff's file or moving to withdraw their representation of plaintiff. In the underlying legal malpractice case, had the defendants filed a motion for costs following the circuit court's dismissal of plaintiff's case, it would not be at all clear that defendants in the instant case were not still representing plaintiff in the underlying action, as defendants' letter dated May 13, 2003, states affirmatively only that defendants would not represent plaintiff *in an appeal.* I conclude that under the authorities cited, defendants' letter of May 13, 2003, did not, as a matter of law, constitute "formal termination of services" absent a court order effecting their withdrawal or a substitution of counsel, MCR 2.117(C)(2), or a termination by plaintiff of defendants' representation, such that defendants would be entitled to summary disposition under MCR 2.116(C)(7) on the basis of that letter.

Defendants did not move to withdraw before May 17, 2003 (two years before plaintiff filed his complaint), nor did plaintiff terminate defendants' services before May 17, 2003. This Court must accept as true the allegations in plaintiff's complaint that plaintiff received defendants' letter dated May 13, 2003, on May 17, 2003, and that substitute counsel for plaintiff filed an appearance on May 27, 2003, because no contrary evidence was submitted below. *Pusakulich v Ironwood,* 247 Mich App 80, 82; 635 NW2d 323 (2001).

I conclude that absent plaintiff's retention of substitute counsel effective May 27, 2003, under MCR 2.117(C)(1), defendants' appearance and obligation to represent plaintiff continued "until a final judgment [was] entered disposing of all claims by or against the party whom the attorney represents *and the time for appeal of right [had]* passed," i.e., until approximately June 3, 2003 (21 days after the final judgment was entered by the circuit court on May 13, 2003). Plaintiff's retention of another lawyer, who filed an appearance on May 27, 2003, relieved defendants of their obligation to represent plaintiff on that date—May 27, 2003. *Maddox, supra* at 450; *K73 Corp, supra* at 228-229. I conclude that defendants did not discontinue serving plaintiff before May 17, 2003 (two years before plaintiff filed his complaint); rather, defendants' obligation to represent plaintiff ended on May 27, 2003, when plaintiff's substitute counsel entered an appearance. Thus, I conclude that plaintiff's complaint filed on May 17, 2005, was timely filed within the two-year limitations period.[3]

---

[3] My conclusion is supported by the Supreme Court's decision in *Grievance Administrator v Fieger,* 476 Mich 231; 719 NW2d 123 (2006), issued during the pendency of this appeal and the subject of plaintiff's supplemental authority brief. In *Fieger,* the Court considered whether a case remains "pending" after the Court of Appeals issues a decision but

I would reverse the circuit court's grant of summary disposition to defendants with respect to the claim involving the Wayne County case.

---

before the time for filing an application for leave to appeal in the Supreme Court expires and answered that question in the affirmative:

> Because the Court of Appeals decision had not yet become effective as of the date of Mr. Fieger's comments, and because the Court of Appeals, by granting a motion for reconsideration or rehearing, could still have affected the substantial rights of his client, we conclude that the *Badalamenti* [*v William Beaumont Hosp-Troy,* 237 Mich App 278; 602 NW2d 854 (1999),] case was "begun, but not yet completed" and that Mr. Fieger's comments were made "during," "before the conclusion of," and "prior to the completion of" that case. Moreover, the case was "awaiting an occurrence or conclusion of action"—namely, the running of the aforementioned periods for filing. During this interim, then, the case was in a "period of continuance or indeterminancy." [*Id.* at 249-250.]