# STATE OF MICHIGAN

# COURT OF APPEALS

LARRY DARNELL JONES,

       Plaintiff-Appellant,

v

DANIEL E. MANVILLE,

       Defendant-Appellee.

UNPUBLISHED
March 22, 2016

No. 324263
Ingham Circuit Court
LC No. 14-000657-NM

Before: GLEICHER, P.J., and MURPHY and OWENS, JJ.

PER CURIAM.

Plaintiff Larry Darnell Jones (Jones) appeals as of right the trial court's order granting summary disposition in favor of defendant Daniel E. Manville (defendant attorney) pursuant to MCR 2.116(C)(7) (statute of limitations) and (C)(8) (failure to state a claim) in this legal malpractice action. We affirm.

On November 21, 1985, in the Muskegon Circuit Court, Jones was convicted of obstructing justice by offering a bribe to a witness, MCL 750.505 (common-law crime), and of attempting to incite or procure perjured testimony, MCL 750.425, and he was sentenced as an habitual offender to 30 to 50 years' imprisonment. Defendant attorney was not Jones's trial counsel in his criminal case. After exhausting state appellate court remedies without success, wherein Jones was represented by someone other than defendant attorney, Jones filed a pro se petition for writ of habeas corpus in October 1989 in the United States District Court for the Western District of Michigan. The petition was then consolidated in January 1990 with an "amended" habeas petition that had been filed in October 1989 by defendant attorney on Jones's behalf, with the amended petition being deemed the operative petition for all future proceedings. The basis of the amended petition for writ of habeas corpus was multiple instances of alleged ineffective assistance of counsel. After several proceedings within the federal district court in which Jones's amended petition was eventually rejected, the case made its way to the United States Court of Appeals for the Sixth Circuit, where defendant attorney continued to represent Jones. In an unpublished opinion issued on December 7, 1993, the Sixth Circuit affirmed the district court's ruling, concluding that Jones's "ineffectiveness claim failed the deficient performance prong[.]" *Jones v Toombs*, 16 F3d 1220 (Table) (Docket Nos. 93-1153 and 93-1154), unpub op at 5. Defendant attorney did not provide legal services for or otherwise appear on behalf of Jones relative to the amended petition or on any other court matters thereafter. With respect to the ruling by the Sixth Circuit, Jones filed a pro se petition for writ of certiorari in the

United States Supreme Court, which was subsequently denied. *Jones v Toombs*, 512 US 1224; 114 S Ct 2716; 129 L Ed 2d 842 (1994). For the many years that followed, Jones filed a litany of motions, petitions, and appeals in the federal courts to no avail; defendant attorney did not represent or provide legal services to Jones in those matters.

On May 19, 2014, Jones filed this legal malpractice lawsuit against defendant attorney, alleging, as best we can surmise, that defendant attorney failed to obtain a ruling on the issue of whether state appellate counsel for Jones was ineffective for not raising an evidentiary issue that arose during trial, along with contending that defendant attorney fraudulently attempted to conceal that matter in order to allow the statute of limitations to expire absent knowledge by Jones of a legal malpractice claim. A few months before Jones filed the complaint, on February 20, 2014, defendant attorney filed a motion in the federal district court to formally withdraw as Jones's counsel in regard to the consolidated 1989 habeas-petition files.[1] On February 28, 2014, the federal district court entered an order terminating defendant attorney's representation of Jones. In the instant case, the trial court granted defendant attorney's motion for summary disposition, ruling that Jones's lawsuit was time-barred, MCR 2.116(C)(7), and that Jones had failed to adequately state a claim on which relief could be granted, MCR 2.116(C)(8).

We review de novo both a trial court's decision on a motion for summary disposition and a ruling that a particular suit is precluded by the statute of limitations. *Caron v Cranbrook Ed Community*, 298 Mich App 629, 635; 828 NW2d 99 (2012). In general, a legal malpractice action is subject to a two-year statute of limitations. MCL 600.5805(6); *Kloian v Schwartz*, 272 Mich App 232, 237; 725 NW2d 671 (2006). MCL 600.5838, which addresses accrual and a discovery exception in malpractice cases generally, provides:

> (1) Except as otherwise provided in section . . . 5838b, a claim based on the malpractice of a person who is, or holds himself or herself out to be, a member of a state licensed profession accrues at the time that person discontinues serving the plaintiff in a professional . . . capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

> (2) Except as otherwise provided in section . . . 5838b, an action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in section[] 5805 or . . . within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. . . . A malpractice action that is not commenced within the time prescribed by this subsection is barred.

As referenced in the quoted language above, the accrual and discovery provisions are subject to MCL 600.5838b, which was enacted pursuant to 2012 PA 582 and made effective

---

[1] Defendant attorney explained that he filed the motion to withdraw because he was receiving copies of federal pleadings related to Jones's continuing litigation over his criminal case.

January 2, 2013, which was prior to the commencement of Jones's lawsuit.[2] MCL 600.5838b provides, in relevant part:

(1) An action for legal malpractice against an attorney-at-law or a law firm shall not be commenced after whichever of the following is earlier:

(a) The expiration of the applicable period of limitations under this chapter.

(b) Six years after the date of the act or omission that is the basis for the claim.

(2) A legal malpractice action that is not commenced within the time prescribed by subsection (1) is barred.

"Accrual of a malpractice action, for purposes of the two-year limitation period, occurs on the last day of professional service." *Gebhardt v O'Rourke*, 444 Mich 535, 543; 510 NW2d 900 (1994). An attorney discontinues serving a client on completion of the particular legal service that the attorney had been retained to perform. *Bauer v Ferriby & Houston, PC*, 235 Mich App 536, 538; 599 NW2d 493 (1999).[3]

We find it unnecessary to engage in an effort to discern the proper construction of MCL 600.5838 in relationship to MCL 600.5838b, which apparently has not yet been the subject of any published opinion, because Jones's legal malpractice action is time-barred no matter what construction is employed. First, Jones's suit was not filed within six years after the date of the act or omission that served as the basis of his legal malpractice claim. MCL 600.5838b(1)(b). Second, assuming the general applicability of the six-month discovery provision contained in MCL 600.5838(2) relative to a legal malpractice action, it did not save Jones's suit, given that Jones discovered or should have discovered the existence of his claim years earlier, considering the openly-ascertainable nature of the claimed malpractice.[4] Third, and finally, Jones's legal malpractice action was not filed within the two-year statute of limitations. MCL 600.5805(6); MCL 600.5838b(1)(a). Jones's claim of legal malpractice accrued when defendant attorney discontinued serving Jones in a professional capacity, relative to the subject matter of the alleged malpractice, upon completion of the appeal in the Sixth Circuit in 1993. Although defendant attorney did not formally withdraw from the proceedings related to the amended habeas petition until February 2014, there is no evidence in the record showing that defendant attorney actually acted as counsel for Jones or provided legal services on his behalf in any matter following the Sixth Circuit's affirmance of the denial of Jones's amended petition for writ of habeas corpus.

---

[2] We note that MCL 600.5838 was also amended pursuant to 2012 PA 582, inserting the references to MCL 600.5838b.

[3] We do note that both *Gebhardt* and *O'Rourke* were issued before the amendment of MCL 600.5838 and addition of MCL 600.5838b.

[4] We separately address below Jones's fraudulent concealment allegation.

The formal withdrawal from the federal case was simply "a remedial effort concerning past representation," i.e., a former attorney-client relationship. *Bauer*, 235 Mich App at 538-539. Jones's pursuance of a writ of certiorari in the United States Supreme Court absent further representation by defendant attorney effectively terminated the attorney-client relationship. See *id.* at 539 ("Retention of an alternative attorney effectively terminates the attorney-client relationship between the defendant and the client.") (citation and quotation marks omitted). Furthermore, we agree with the trial court that Jones's complaint failed to adequately state a claim of legal malpractice on which relief could be granted, MCR 2.116(C)(8).

With respect to Jones's allegation of fraudulent concealment, it is not entirely clear whether he pursued the claim as a separate cause of action or as a basis to toll the statute of limitations under MCL 600.5855.[5] In regard to fraudulent concealment as a cause of action, assuming that Jones's claim was not actually a legal malpractice claim improperly characterized as fraud, *Brownell v Garber*, 199 Mich App 519, 532-533; 503 NW2d 81 (1993), he simply failed to adequately plead a cause of action, MCR 2.116(C)(8), and any fraud claim would also be time-barred considering the six-year statute of limitations for fraud, *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 231 n 2; 859 NW2d 723 (2014). To the extent that Jones was alleging fraudulent concealment under MCL 600.5855, which tolls a statute of limitations when a party conceals the fact that a cause of action existed, he failed to adequately plead acts or misrepresentations comprising fraudulent concealment. *Sills v Oakland Gen Hosp*, 220 Mich App 303, 310; 559 NW2d 348 (1996).

Affirmed.[6] Having fully prevailed on appeal, defendant attorney is awarded taxable costs pursuant to MCR 7.219.

/s/ Elizabeth L. Gleicher
/s/ William B. Murphy
/s/ Donald S. Owens

---

[5] MCL 600.5855 provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

[6] Given our ruling, it is unnecessary to address Jones's challenges to other orders issued by the trial court.