# STATE OF MICHIGAN

# COURT OF APPEALS

CARRIE A. BRASPENICK,

Plaintiff-Appellant,

v

JOHNSON LAW PLC,

Defendant-Appellee.

UNPUBLISHED
April 19, 2018

No. 338556
Gogebic Circuit Court
LC No. 2016-000190-NM

Before: GLEICHER, P.J., and M. J. KELLY and CAMERON, JJ.

PER CURIAM.

In this legal-malpractice action, plaintiff, Carrie Braspenick, appeals by right the trial court's order granting summary disposition to defendant, Johnson Law PLC, under MCR 2.116(C)(7) (statute of limitations). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

In April 2013, acting *in propria persona*, Braspenick filed a medical-malpractice action against Aspirus Grand View Hospital and Neal Schroeter, M.D., alleging that Schroeter had failed to properly diagnose and treat fungal sinusitis. While she was self-represented, Braspenick's case was submitted to a case evaluation panel that determined she should receive $5,000 for her claim. Braspenick rejected the award, and about two months later, she retained Johnson Law to represent her "in connection with a claim for delay diagnosing fungal infection." Braspenick's medical-malpractice action proceeded to trial, but the jury returned a verdict of no cause. A judgment reflecting the jury's verdict was entered on May 15, 2014.

One day earlier, May 14, 2014, Johnson Law sent Braspenick a letter advising her that it would not be taking further action with regard to an appeal in her case and advising her of what steps she needed to take in the event that she wished to appeal the jury's decision. Thereafter, acting *in propria persona*, Braspenick filed a motion for new trial on June 3, 2014. Johnson Law notified the trial court that it was no longer representing Braspenick with regard to her post-trial motion for a new trial, and Braspenick continued to represent herself by filing a reply to the medical-malpractice defendants' response to her motion. On June 30, 2014, the trial court denied the motion.

-1-

In the meantime, the medical-malpractice defendants filed a motion for taxation of costs and case evaluation sanctions. According to Braspenick, the motion for taxation of costs and case evaluation sanctions was never sent to Johnson Law. Braspenick did not respond to the motion, and on June 26, 2014, the trial court granted the motion, awarding the medical-malpractice defendants $123,011.14 in case-evaluation sanctions.

On July 8, 2014, Johnson Law sent Braspenick a letter with regard to the post-verdict motions. In the letter Johnson Law again made clear that it would not be acting on Braspenick's behalf with regard to an appeal in the medical-malpractice case. With regard to the order granting the medical-malpractice defendants' motion for taxable costs and case evaluation sanctions, Johnson Law stated:

> We have also recently received a full copy of the Motion for Costs and Case Evaluation Sanctions. We are in the process of filing a motion for relief from the Order granting over $123,000 in costs and case evaluation sanctions. It will be our position that the Court does not have authority to enter an order for the approximately $95,000 in case evaluation sanctions absent oral argument and our ability to file a response brief. We will email and mail you a copy of this motion once it is filed and make you aware of the Court date so you can attend. This motion to set aside the order will be the last action we take in your case. Again, we will not be filing any claim of appeal on your behalf but will be assisting you with regard to this final motion regarding case evaluation sanctions.

The motion for relief from judgment was filed on July 11, 2014, it was argued on August 4, 2014, and it was denied on August 15, 2014.

On August 21, 2014, Johnson Law sent a letter to Braspenick, stating:

> Please be advised that we recently received the Order Denying our Motion to reduce any and all costs and fees that the Court ordered in a judgment against you. Now that this issue has been decided, our firm will take no further action on behalf of your case. We will be closing our file within seven days.

On August 9, 2016, Braspenick filed a legal-malpractice action against Johnson Law. Johnson Law moved for summary disposition, arguing that the statute of limitations had expired because Braspenick's legal-malpractice claim accrued on May 14, 2014. The trial court agreed and granted the summary disposition in favor of Johnson Law. This appeal follows.

## II. STATUTE OF LIMITATIONS

### A. STANDARD OF REVIEW

Braspenick argues that the trial court erred by granting Johnson Law's motion for summary disposition. We review de novo whether a trial court properly granted summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009).

B. ANALYSIS

In order to be timely, a claim for legal malpractice must be brought within two years after the claim accrues or within six months after the plaintiff discovers or should have discovered the claim, whichever is later. MCL 600.5805(6); MCL 600.5838(2); see also *Kloian v Schwartz*, 272 Mich App 232, 237; 725 NW2d 671 (2006).[1] A legal-malpractice claim "accrues at the time that person discontinues serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL 600.5838(1); *Kloian*, 272 Mich App at 237. "Special rules have been developed in an effort to determine exactly when an attorney 'discontinues serving the plaintiff in a professional . . . capacity' for purposes of the accrual statute." *Kloian*, 272 Mich App at 237, quoting MCL 600.5838(1). For example, a lawyer's representation of a client ceases when the client or the court relieves the lawyer of the obligation to serve the client. *Id*. In addition, a legal malpractice claim also accrues when the lawyer sends notice of withdrawal as the final act of professional service. *Id*. at 238.

Here, according to the retainer agreement between Braspenick and Johnson Law, Braspenick hired Johnson Law to represent her in the underlying medical-malpractice claim. Subsequently, after the jury returned a no-cause verdict, Johnson Law sent Braspenick a letter on May 14, 2014, stating:

> Please be advised that you have a right to appeal the jury's decision that was rendered in your case. Any appeal you make must be a result of an error that the Judge made during the trial. At this point, we do not think that any of the Judge's rulings constitute reversible error. Therefore, we will not be taking any action with regard to an appeal on your case.
>
> . . . Should you choose to seek appellate counsel, I urge you to move swiftly in order to ensure that your chosen attorney has every opportunity to comply with those timeframes. Any failure to comply with those timeframes could result in you not being able to pursue an appeal.
>
> I anticipate that a judgment will be entered on May 14 or 15. This will depend on when the judge actually signs the document. Once I have received the document, I will forward it to you by regular mail and email.
>
> If you have any further questions or comments, feel free to contact my office. I wish you the best and hope that you keep I [sic] contact with me into the future.

In *Kloian*, this Court found a similar letter served to terminate the attorney-client relationship. *Id*. at 236-239. That letter provided:

---

[1] In this case, there is no allegation that the six-month discovery provision is applicable.

Enclosed please find orders from the Wayne County Circuit Court dismissing your malpractice cases against Fried, Gold, Findling and their law firms. In dismissing these cases, Judge Gillis remarked that you have a history of suing lawyers. He found that your claims were barred by the doctrine of *res judicata*. He also made reference to his decision dismissing your malpractice case against Howard Lederman. He incorporated the reasoning in his written opinion in that case, which he issued in that case on October 21, 2002, into these cases.

You have twenty-one (21) days from today within which to file a claim of appeal. That gives you until June 3, 2003. If you do not file a claim of appeal by that time, you lose your right of appeal. After that, you could file an application for leave to appeal, which is discretionary with the court. Accordingly, if you intend to file an appeal of these orders of dismissal, you should do so no later than June 3, 2003.

If you want to file an appeal, you should obtain another lawyer to do so, as I shall not be representing you on any appeal of these dismissals. As I indicated to you previously, I have concluded that you had virtually no chance of success in these matters, given the orders and opinions of Judge Shapero in the United States Bankruptcy Court. It is my belief that any appeal of these dismissals would be a waste of time, money and effort. I do not foresee any basis upon which an appellate court would reverse the dismissals. The princip[le] of res judicata which Judge Gillis used in dismissing your malpractice case against Lederman was used by him in dismissing these cases. It is unlikely in the extreme that any appellate court would overturn such a ruling. [*Id*. at 236.]

Like the letter in *Kloian*, the letter in this case states that the only step left was an appeal, which Johnson Law did not believe would be successful. Further, like the letter in *Kloian*, Johnson Law expressly stated that it would not represent Braspenick on appeal and provided her with information on what she would have to do to appeal the case without its assistance. Given the similarity between the letters, we conclude that the May 14, 2014 letter constituted notice of withdrawal as the final act of professional service, i.e., it served as the date the attorney-client relationship between Johnson Law and Braspenick ended. See *id*. at 238-239. Accordingly, Braspenick's claim accrued on May 14, 2014, and she was required to file her legal-malpractice claim by May 14, 2016, which she failed to do. See MCL 600.5838(1). The trial court did not err by ruling that the two-year limitations period barred her claim.

Braspenick argues on appeal that the accrual date was extended because Johnson Law agreed on July 8, 2014 to represent her in connection with the motion for relief from judgment from the order awarding the medical-malpractice defendants case evaluation sanctions. She notes that after unsuccessfully attempting to have the order set aside, Johnson Law sent a letter on August 21, 2014, stating that it would not take any additional actions on her case and that it would close her file within seven days. She contends that this follow-up representation was a continuation of the earlier claim that extended the accrual date until August 21, 2014, which made her August 9, 2016 legal-malpractice complaint timely. However, accrual occurs on the last day that the lawyer renders professional services for the client. *Gebhardt v O'Rourke*, 444 Mich 535, 543; 510 NW2d 900 (1994). In other words, " '[a] lawyer discontinues serving a

client . . . upon completion of a specific legal service that the lawyer was retained to perform.' " *Bauer v Ferriby & Houston, PC*, 235 Mich App 536, 538; 599 NW2d 493 (1999). " 'O]nce an attorney has discontinued serving the plaintiff-client, *additional acts by the attorney will not delay or postpone the accrual of a legal malpractice claim.*" *Kloian*, 272 Mich App at 238-239 n 2 (emphasis added). Moreover, there is an "important distinction between an ongoing attorney-client relationship and a remedial effort concerning past representation." *Bauer*, 235 Mich App at 538. As we explained in *Bauer*,

> Some of a lawyer's duties to a client survive the termination of the attorney-client relationship, most notably the general obligations to keep client confidences and to refrain from using information obtained in the course of representation against the former client's interests. See MRPC 1.6 and 1.9 and comments. Sound public policy would likewise encourage a conscientious lawyer to stand ever prepared to advise a former client of changes in the law bearing on the matter of representation, to make a former client's file available if the former client had need of it, and, indeed, to investigate and attempt to remedy any mistake in the earlier representation that came to the lawyer's attention. To hold that such follow-up activities attendant to otherwise completed matters of representation necessarily extends the period of service to the client would give providers of legal services a powerful disincentive to cooperate with a former client who needs such attention. We conclude that the proper inquiry is whether the new activity occurs pursuant to a current, as opposed to a former, attorney-client relationship. [*Id*. at 539.]

Here, the May 14, 2014 letter clearly signaled the end of the attorney-client relationship with regard to the underlying medical-malpractice claim. Thereafter, on July 9, 2014, Johnson Law formed a new agreement to represent Braspenick in connection with the order awarding case evaluation sanctions to the medical-malpractice defendants. That new representation was not a continuation of the prior representation; rather, it was a remedial effort concerning past representation, and as such it was insufficient to extend the accrual date for Braspenick's legal-malpractice claim.[2]

Affirmed. Johnson Law, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly
/s/ Thomas C. Cameron

---

[2] Because the trial court properly dismissed Braspenick's legal-malpractice action under MCR 2.116(C)(7), we decline to address the alternate arguments raised by the parties in favor of either affirming or reversing the trial court's order.