# STATE OF MICHIGAN

# COURT OF APPEALS

---

BECKETT FAMILY RENTALS, L.L.C. and
BECKETT INVESTMENTS,

        Plaintiffs-Appellants,

v

DAVID & WIERENGA, P.C., RONALD E.
DAVID, and MICHAEL J. TERBEEK,

        Defendants-Appellees.

UNPUBLISHED
December 9, 2014

No. 316658
Kent Circuit Court
LC No. 12-009328-NM

---

Before: MARKEY, P.J., and SAWYER and OWENS, JJ.

PER CURIAM.

Plaintiffs Beckett Family Rentals, L.L.C. and Beckett Investments appeal by right the trial court's order granting defendants' motion for summary disposition and dismissing the case. We reverse and remand.

In a complaint filed on October 5, 2012, plaintiffs alleged legal malpractice against defendants Ronald E. David and Michael J. TerBeek individually and against David & Wierenga, P.C. based on vicarious liability for the actions of the individual defendants. In lieu of filing an answer, defendants moved for summary disposition pursuant to MCR 2.116(C)(7) and argued that the statute of limitations had expired as to all of plaintiffs' claims. The trial court found that defendants conditionally terminated their attorney-client relationships with plaintiffs on June 17, 2009 when David sent Beckett Investments a letter that stated:

> At this point I am ordering that this law firm not provide any further legal services to Becket [sic] Investments, LLC until such time as it retains a securities attorney who will then give an opinion as to your literature, marketing, and activities with investors. This firm can no longer represent Becket [sic] Investments, LLC until this recommendation is acted upon.

The trial court determined that because plaintiffs did not fulfill the condition set forth in this letter, plaintiffs never rekindled their attorney-client relationships with defendants, and June 17, 2009 constituted the accrual date of plaintiffs' claims for purposes of the statute of limitations.

A trial court's decision on a motion for summary disposition pursuant to MCR 2.116(C)(7) on the basis of the running of the statute of limitations is a question of law that is

-1-

reviewed de novo. *Kincaid v Cardwell*, 300 Mich App 513, 522; 834 NW2d 122 (2013). Summary disposition is only appropriate "when the undisputed facts establish that the plaintiff's claim is barred under the applicable statute of limitations." *Id*. The party asserting the statute of limitations has the burden to prove facts that bring the case within the statute. *Id*.

A person cannot sue another "to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff" the action is commenced within the period of time prescribed by statute. MCL 600.5805(1). The statute of limitations period applicable to a legal malpractice claim is generally two years from the date of the accrual of the claim. MCL 600.5805(6).[1] A "legal malpractice action accrues on the last day of [an] attorney's professional service in the underlying . . . matter out of which the negligence arose." *Gebhardt v O'Rourke*, 444 Mich 535, 554; 510 NW2d 900 (1994). "Special rules have been developed in an effort to determine exactly when an attorney 'discontinues serving the plaintiff in a professional . . . capacity' for purposes of the accrual statute." *Kloian v Schwartz*, 272 Mich App 232, 237; 725 NW2d 671 (2006) (citation omitted). In general, an attorney's representation continues "until the attorney is relieved of that obligation by the client or the court." *Id*. Retention of replacement counsel is sufficient to prove that a client intended to terminate an attorney's representation. *Mitchell v Dougherty*, 249 Mich App 668, 684; 644 NW2d 391 (2002). Nevertheless, termination of an attorney-client relationship by implication based on retention of replacement counsel requires a finding that the intent of the plaintiff was to in fact to terminate his or her relationship with the defendant. *Id*. at 684-685. In addition, an attorney can effectively discontinue an attorney-client relationship by "'completion of a specific legal service that the lawyer was retained to perform.'" *Kloian*, 272 Mich App at 238 (citation omitted). As a variant of this exception to the general rule, "a legal malpractice claim with respect to a particular matter that has been finally dismissed by order of the trial court accrues at the time affirmative notification of withdrawal is sent" to the client. *Id*.

Here, defendants do not dispute that the June 2009 letter was only addressed to and sent to Beckett Investments. Therefore, there is no question that this letter could not serve as affirmative notification to Beckett Family Rentals that defendants were terminating their representation of Beckett Family Rentals. Further, the record contains conflicting evidence with regard to when, if ever, defendants discontinued their professional relationship with Beckett Family Rentals. Defendants allege that Beckett Family Rentals retained them in December 2008 for the specific legal service of drafting a single management agreement. When this discrete service was complete, the attorney-client relationship between defendants and Beckett Family Rentals ended. In contrast, plaintiffs allege that defendants had a long-term, ongoing attorney-client relationship with Beckett Family Rentals that began in 1986, and defendants do not specifically dispute this. Further, although *Beckett Investments* retained two additional law firms to address securities issues pursuant to the June 2009 letter, there is nothing in the record indicating that Beckett Family Rentals ever retained replacement or supplemental counsel. In

---

[1] MCL 600.5838(2) provides for bringing a malpractice action "within 6 months after the plaintiff discovers or should have discovered the existence of the claim," but the parties agree that the two-year statute of limitations was not tolled in this case.

sum, because the June 2009 letter was not sent to Beckett Family Rentals, the trial court erred in finding that this letter terminated the attorney-client relationship between Beckett Family Rentals and defendants. Further, because the record contains conflicting evidence regarding when, or if, the attorney-client relationship between defendants and Beckett Family Rentals ended, summary disposition pursuant to MCR 2.116(C)(7) was not appropriate as to Beckett Family Rentals' claims. *Kincaid*, 300 Mich App at 523.

On the other hand, in respect to Beckett Investments, the parties do not dispute that if the condition set forth in the June 2009 letter were fulfilled, the attorney-client relationship between defendants and Beckett Investments continued beyond June 2009. On September 4, 2009, Beckett Investments sent a facsimile to defendants that contained statutory and case citations, commentary, and options with regard to restructuring Beckett Investments. Plaintiff requested that defendants review the documents and specifically referred to the documents as including an opinion of the securities attorneys retained by Beckett Investments. Further, in an affidavit, a managing member of Beckett Investments stated that David contacted him after receipt of the facsimile and told him that "everything looked good," and two managing members of Beckett Investments submitted affidavits in which they stated that they believed that by sending this facsimile, Beckett Investments had complied with the condition set forth in the June 2009 letter. In sum, the record contains conflicting evidence with regard to whether the condition in the June 2009 letter was fulfilled, so disputed questions of fact exist as to whether this letter terminated defendants' relationship with Beckett Investments.

Moreover, there are unresolved factual issues with regard to what, if any, other action beyond the June 2009 letter may have terminated the relationship. Defendants alleged that they were retained by Beckett Investments in June 2008 specifically to form a limited liability company and draft documents associated with properties purchased by Beckett Investments, and that when these discrete services were complete, the attorney-client relationship between defendants and Beckett Investments ended. In contrast, Beckett Investments alleged that defendants agreed to provide it with ongoing services, including assistance with "unwinding" investments upon the sale of properties, and it provided an affidavit from a managing member in support of this position. In addition, Beckett Investments sought ongoing legal advice from defendants via the September 2009 facsimile, and plaintiffs produced an affidavit averring that defendants responded to this request. These facts support Beckett Investments' claim that it had an ongoing relationship with defendants and that the relationship was not terminated at the completion of specific, discrete services.

Likewise, although it is undisputed that after receipt of the June 2009 letter, Beckett Investments retained securities attorneys, there is conflicting evidence with regard to whether this action constituted the retention of replacement counsel sufficient to prove that Beckett Investments intended to terminate defendants' representation. *Mitchell*, 249 Mich App at 684. The retention letters from both of the additional law firms retained by Beckett Investments indicate that the firms were hired to provide advice as to securities issues and not general corporate work. In addition, the billing statements from both firms confirm that their services to Beckett Investments focused on securities-related issues. Moreover, retention of replacement counsel is only sufficient to terminate an attorney-client relationship when the evidence clearly shows that was the client's intent. See *Wright v Rinaldo*, 279 Mich App 526, 529; 761 NW2d 114 (2008) (the client also executed documents revoking the attorney's power of attorney), and

*Mitchell,* 249 Mich App at 685, (there was no evidence that the plaintiffs sought continued representation by the defendant law firm). In this case, even after it retained the other firms, Beckett Investments contacted defendants with regard to amending its articles of incorporation and to review the work of one of the securities firms. Further, two managing members of Beckett Investments submitted affidavits in which they stated that they believed defendants would continue to represent Beckett Investments after they consulted with supplemental counsel regarding securities issues. In sum, because the record contains conflicting evidence with regard to when, or if, the attorney-client relationship between defendants and Beckett Investments ended, summary disposition pursuant to MCR 2.116(C)(7) was not appropriate as to Beckett Investments' claims. *Kincaid*, 300 Mich App at 523.

Plaintiffs also claim on appeal that the trial court erred when it found that actions in 2010 and 2011 by non-party David Wierenga, another attorney employed by defendant David & Wierenga, P.C., were irrelevant to the statute of limitations analysis. Under a theory of vicarious liability, a court may "impose indirect responsibility on the principal for his or her agent's torts as a matter of public policy, but the 'principal, having committed no tortious act, is not a tortfeasor as that term is commonly defined.'" *Bailey v Schaaf (On Remand)*, 304 Mich App 324, 347; 852 NW2d 180 (2014) (citation omitted). Thus, defendant David & Wierenga, P.C. is only liable to the extent there is liability on behalf of one of its agents identified in the complaint. The only agents of David & Wierenga, P.C. identified in the complaint are David and TerBeek.

Because the actions of non-party Wierenga would not have the tendency to make the existence of the liability of a named defendant more or less probable, his actions are irrelevant (MRE 401), and, as a matter of law, his actions in 2010 and 2011 could not support a finding of an ongoing attorney-client relationship between defendants and Beckett Investments. The trial court, therefore, properly concluded that Wierenga's actions were irrelevant to the statute of limitations analysis. We note that the trial court incorrectly based its holding on this issue on several factual findings: the trial court was not permitted to make factual findings on disputed issues in the context of a motion for summary disposition pursuant to MCR 2.116(C)(7). *Kincaid*, 300 Mich App at 523. But this Court will not disturb a trial court's ruling if it reached the correct result, even if it did so for the wrong reason. *Adams v West Ottawa Pub Sch*, 277 Mich App 461, 466; 746 NW2d 113 (2008).

Because of our resolution of these issues, we need not address any others at this time.

We reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing party, plaintiffs are entitled to tax costs pursuant to MCR 7.219.

/s/ /Jane E. Markey
/s/ David H. Sawyer
/s/ Donald S. Owens

-4-