*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TOWNSHIP OF MARENISCO and
MARENISCO TOWNSHIP SUPERVISOR,

UNPUBLISHED
February 4, 2020

Plaintiffs-Appellants,

v

No. 346822
Court of Claims
LC No. 18-000200-MZ

DIRECTOR OF THE DEPARTMENT OF
CORRECTIONS and DEPARTMENT OF
CORRECTIONS,

Defendants-Appellees.

Before: BOONSTRA, P.J., and TUKEL and LETICA, JJ.

PER CURIAM.

In this declaratory-judgment action regarding closure of a correctional facility, plaintiffs Township of Marenisco (Marenisco Township) and its supervisor appeal as of right the Court of Claims order granting summary disposition under MCR 2.116(C)(8) to defendants, the Department of Corrections (DOC) and its director. We affirm.

## I. BACKGROUND AND RELEVANT FACTS

In the summer of 2018, the township supervisor became aware of reports that the DOC was considering closing one of four of its correctional facilities in order to save approximately $20 million a year. Two of the facilities were in the Lower Peninsula, and two were in the Upper Peninsula. On August 14, 2018, the DOC announced that it would be closing Ojibway Correctional Facility (OCF) as of December 1, 2018. OCF is located in Gogebic County, approximately six miles south of the town of Marenisco, in Marenisco Township. Defendants did not inform plaintiffs of the closing before the OCF closure announcement was made, and plaintiffs were concerned that closing OCF would devastate the citizens of Marenisco Township and other surrounding areas. A month after the announcement, plaintiffs filed a two-count complaint in the Court of Claims requesting a declaratory judgment that defendants' decision to close OCF failed

to meet the requirements of Section 944 of 2018 PA 207.[1] They also sought a permanent injunction preventing OCF's closure. Plaintiffs' second count alleged that defendants' decision to close OCF violated the township supervisor's due-process rights. Simultaneously, plaintiffs filed a motion requesting a temporary restraining order (TRO) preventing OCF's closure. The Court of Claims denied plaintiff's request for a TRO, but agreed that the matter needed to be expedited and set forth an expedited scheduling order.

Shortly thereafter, plaintiffs submitted deposition notices for a variety of people, and defendants responded by requesting a stay of discovery until the Court of Claims had ruled on plaintiffs' pending TRO request and defendants' anticipated motion for summary disposition. The Court of Claims ordered all discovery stayed pending submission of the materials it had requested in its TRO order and stated that it would determine whether discovery was necessary in order for it to render a ruling.

In lieu of filing an answer, defendants filed a motion for summary disposition under MCR 2.116(C)(8) and argued that plaintiffs lacked standing to bring an action, that the township supervisor had no protected interests at stake for which procedural due process was afforded, and that injunctive relief would violate the separation of powers and political question doctrines. The Court of Claims granted defendants' motion, concluding that plaintiffs had standing, but that they had failed to state a claim for which relief could be granted. The Court of Claims also denied plaintiffs' requested injunction.

Plaintiffs timely filed their appeal and subsequently requested that this Court peremptorily reverse the Court of Claims' decision, which request was denied. *Marenisco Twp v Dep't of Corrections*, unpublished order of the Court of Appeals, entered January 7, 2019 (Docket No. 346822).

---

[1] Section 944 of 2018 PA 207 states:

> When the department is planning to close a correctional facility, the department shall fully consider the potential economic impact of the prison closure on the community where the facility is located. The department, when weighing all factors related to the closure of a facility, shall also consider the impact on the local community where the facility to be closed is located.

## II. FAILURE TO STATE A CLAIM

### A. STANDARD OF REVIEW[2]

We review the trial court's decision on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). MCR 2.116(C)(8) mandates summary disposition if "[t]he opposing party has failed to state a claim on which relief can be granted."

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. When deciding a motion brought under this section, a court considers only the pleadings. [*Maiden*, 461 Mich at 119-120 (quotation marks and citations omitted).]

Furthermore, "[c]onclusory statements, unsupported by factual allegations, are insufficient to state a cause of action." *Churella v Pioneer State Mut Ins Co*, 258 Mich App 260, 272; 671 NW2d 125 (2003). Finally, because a motion under MCR 2.116(C)(8) is based on the pleadings, discovery is not a consideration when a court determines whether to grant the motion. See *Maiden*, 461 Mich at 119-120.[3]

### B. ANALYSIS

Here, "[b]ecause defendants moved for summary disposition in lieu of filing an answer, the only pleading in this case is the complaint." *Kimmelman v Heather Downs Mgt Ltd*, 278 Mich App 569, 570; 753 NW2d 265 (2008). Plaintiffs' complaint contained the following allegations:

---

[2] Plaintiffs argue that the Court of Claims erred by relying on *State ex rel Gurganus v CVS Caremark Corp*, 496 Mich 45; 852 NW2d 103 (2014), because *Gurganus* was a fraud case in which our Supreme Court applied a heightened standard of review. The Court of Claims only cited *Gurganus* for the same general MCR 2.116(C)(8) standard of review as stated here, albeit with different case citations. Furthermore, the complained of language from *Gurganus* appears earlier in the opinion than does our Supreme Court's discussion of the heightened standard of review for fraud cases. Thus, the Court of Claims did not apply a heightened standard of review when granting summary disposition to defendants under MCR 2.116(C)(8). Rather, the Court of Claims used the correct standard of review for MCR 2.116(C)(8) in this case.

[3] Indeed, our Supreme Court recently reversed a decision of this Court to remand for additional discovery to determine "the nature of plaintiff's claims, which must be ascertained from the complaint itself[.]" *Trowell v Providence Hosp & Med Ctrs, Inc*, 502 Mich 509, 519; 918 NW2d 645 (2018).

26.    The Department has stated through news releases that it complied with Section 944 of 2018 PA 207.

27.    Plaintiff Marenisco disputes that the Director and the Department complied with Section 944 of 2018 PA 207.

28.    In the alternative, Plaintiffs assert that even if the Director and the Department "fully considered" potential economic impacts of closure of Ojibway on the community and/or also considered, when weighing all factors related to the closure of Ojibway, the impact on the local community where Ojibway is located (Marenisco Township), that such consideration in either case was thorough and/or meaningful, or had any material impact on the Director's and the Department's decision.[4]

Thus, plaintiffs conceded that defendants had stated their compliance with § 944. The only other allegation was that plaintiffs disputed that statement. Plaintiffs' failure to provide any factual basis to explain *why* they disputed defendants' statement rendered the allegation conclusory, and "[c]onclusory statements, unsupported by factual allegations, are insufficient to state a cause of action." *Churella*, 258 Mich App at 272.

The only inference raised by plaintiffs' complaint is that if defendants had complied with § 944, they would have chosen to close a different facility. That is, from plaintiffs' perspective, because defendants selected OCF, they must not have complied with § 944. Indeed, ¶ 28 of plaintiff's complaint directly argues that *even if* defendants complied with the requirements of § 944, they failed to take adequate or meaningful consideration of the information. The only way this statement could be true is by accepting plaintiffs' unstated belief—that if defendants *had* considered the factors, they would have chosen to close a different facility. Unfortunately, plaintiffs provided no factual support for their belief. Instead, their complaint sets forth a list of potential impacts that the closure of OCF would have on their community without any explanation of why these impacts are relevant. The complaint expressly conceded that three other facilities were also considered for closure, but plaintiffs failed to include a single sentence arguing that the impact on their community would be more severe than the impact would have been on any of the other potential communities which could have been selected, let alone any factual allegation that would support such a conclusion. Plaintiffs did not allege that evidence would show that their community would be harder hit than any of the others not selected for closure, or that the existence of such information would be proof that defendants had failed to comply with § 944.

Given the complete absence of any factual allegations explaining why or how defendants' decision to close OCF raised an inference that defendants failed to comply with § 944, plaintiffs' unsupported belief was insufficient to sustain a claim. The Court of Claims properly dismissed

---

[4] This paragraph appears to be missing an element of negation. As written, plaintiffs have asserted that defendants' consideration *was* thorough and *did* impact defendants' decision. However, we have assumed for purposes of our decision that the necessary negatory element was included.

their complaint under (C)(8). Because plaintiffs failed to state a claim on which relief could be granted, we decline to address plaintiffs' § 944 claim on the merits.

## III. LEAVE TO AMEND THE COMPLAINT

### A. PRESERVATION AND STANDARD OF REVIEW

In the trial court, plaintiffs did not request an opportunity to amend their pleadings. Having failed to raise this question before the lower court, the issue is unpreserved. *Kloian v Schwartz*, 272 Mich App 232, 241-242; 725 NW2d 671 (2006).

Unpreserved issues are reviewed for plain error. *Hogg v Four Lakes Ass'n, Inc*, 307 Mich App 402, 406; 861 NW2d 341 (2014). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Kern v Blethen-Coluni*, 240 Mich App 333, 335-336; 612 NW2d 838 (2000) (quotation marks omitted), citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 443; 906 NW2d 482 (2017) (alteration in original, citation and quotation marks omitted). The appellant bears the burden of persuasion with respect to prejudice. See *Carines*, 460 Mich at 763 ("It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice.") (quotation marks and citation omitted).

### B. ANALYSIS

"Leave to amend the pleadings should be freely granted to the nonprevailing party upon grant of summary disposition unless the amendment would be futile or otherwise unjustified." *Kimmelman*, 278 Mich App at 571 (quotation marks and citation omitted). See also MCR 2.118(A)(2). However, plaintiffs did not make a written or oral motion requesting leave to amend. In *Kloian*, 272 Mich App at 241-242, this Court considered this exact issue and determined that "[b]ecause plaintiff did not seek leave of the court or obtain defendants' written consent to amend his complaint as required by MCR 2.118(A)(2), MCR 2.116(I)(5) did not require the court to sua sponte offer plaintiff an opportunity to amend. Therefore, no plain error occurred." *Id*. at 242. On the basis of *Kloian*, plaintiffs cannot show that the trial court plainly erred by failing to sua sponte offer them an opportunity to amend the complaint.

Affirmed. Defendants, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Mark T. Boonstra
/s/ Jonathan Tukel
/s/ Anica Letica