*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEREK PENCAK and MELISSA PENCAK,

        Plaintiffs/Counterdefendants-
        Appellants,

v

LISA RICHARDSON, DAVID JAY RIEDEL, and
CAROLYN RIEDEL,

        Defendants/Counterplaintiffs-
        Appellees.

UNPUBLISHED
November 21, 2023

No. 361875
St. Clair Circuit Court
LC No. 21-000299-CH

Before: MURRAY, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

In this property dispute, plaintiffs/counterdefendants (plaintiffs), appeal as of right the trial court's final judgment and order awarding a disputed strip of land to defendants/counterplaintiffs (defendants). On appeal, plaintiffs argue that (1) the trial court erred by not recusing itself; and (2) the trial court's judgment was contrary to the facts and the law. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case involves a boundary dispute between two adjacent residential properties. Plaintiffs asserted claims of encroachment and infliction of emotional distress in connection with defendant Lisa Richardson's erection of a wooden fence over plaintiffs' property, and her allegedly threatening, coercive, and harassing behavior related to the parties' disputed property line. Defendants counterclaimed, claiming adverse possession and acquiescence.

Before trial, plaintiffs moved to disqualify the trial court judge alleging the court had displayed actual and/or perceived bias against plaintiffs and plaintiffs' counsel throughout the pretrial proceedings. The trial court denied the motion.

After a bench trial, the trial court entered an opinion finding that the parties' predecessors in interest acquiesced for a period greater than 15 years to a new property line marked by the old and new fences. Accordingly, the trial court entered its final judgment and order awarding

-1-

defendants the disputed strip of land between the parties' properties. The court entered a judgment of no cause of action on all plaintiffs' claims. This appeal followed.

## II. MOTION TO DISQUALIFY

Plaintiffs argue the trial court erred in denying their motion for disqualification. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

"Generally, to preserve this issue for appellate review, a motion to disqualify must be filed within 14 days after the moving party discovers the basis for disqualification . . . ." *Kloian v Schwartz*, 272 Mich App 232, 244; 725 NW2d 671 (2006). Plaintiffs did not file the motion within 14 days of discovering the alleged grounds for disqualification. Therefore, this issue is unpreserved for our review.

"In reviewing a motion to disqualify a judge, this Court reviews the trial court's findings of fact for an abuse of discretion and reviews the court's application of those facts to the relevant law de novo." *In re Contempt of Henry*, 282 Mich App 656, 679; 765 NW2d 44 (2009). An abuse of discretion occurs when a decision falls outside the range of reasonable and principled outcomes. *In re MKK*, 286 Mich App 546, 564; 781 NW2d 132 (2009).

### B. LAW AND ANALYSIS

Parties are entitled to unbiased, impartial decision-makers. *Mitchell v Mitchell*, 296 Mich App 513, 523; 823 NW2d 153 (2012). "A trial judge is presumed unbiased, and the party asserting otherwise has the heavy burden of overcoming the presumption." *Id*. Accordingly, parties must submit an affidavit with their motion for disqualification. *Kloian*, 272 Mich App at 244; see also MCR 2.003(D)(2).

It is undisputed plaintiffs failed to submit an affidavit along with their motion for disqualification. The failure to submit an affidavit constitutes a waiver of the issue. See *Davis v Chatman*, 292 Mich App 603, 615; 808 NW2d 555 (2011) (declining to consider the issue of disqualification for a party's failure to file an affidavit); *Cadle Co v Kentwood*, 285 Mich App 240, 255; 776 NW2d 145 (2009) (waiver extinguishes any error and precludes appellate review). Plaintiffs' arguments on appeal fail to explain why this Court should not consider this issue waived. Thus, this issue is waived and we decline to consider it.

## III. PROPERTY LINE DISPUTE

Next, plaintiffs argue that the trial court erred in resolving the parties' property dispute. We disagree.

### A. STANDARD OF REVIEW

"This Court reviews a trial court's findings of fact in a bench trial for clear error and its conclusions of law de novo. A finding is clearly erroneous where, after reviewing the entire record,

this Court is left with a definite and firm conviction that a mistake has been made." *Bayberry Group, Inc v Crystal Beach Condo Ass'n*, 334 Mich App 385, 392; 964 NW2d 846 (2020).

## B. LAW AND ANALYSIS

Defendants argued they acquired title to the disputed strip of land either through acquiescence or adverse possession. The trial court awarded the property to defendants under the acquiescence theory. Plaintiffs' arguments on appeal conflate the requirements of acquiescence[1] and adverse possession[2] and they offer no substantive analysis explaining why the trial court erred in awarding title under a theory of acquiescence.

> It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. [*Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002).]

We decline to consider this argument given plaintiffs' failure to explain their opposition to the trial court's ruling.

Affirmed. Because defendants are the prevailing party in this appeal, they may tax costs under MCR 7.219(A).

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Sima G. Patel

---

[1] "The doctrine of acquiescence provides that where adjoining property owners acquiesce to a boundary line for at least fifteen years, that line becomes the actual boundary line." *Killips v Mannisto*, 244 Mich App 256, 260; 624 NW2d 224 (2001).

[2] "To establish adverse possession, the party claiming it must show clear and cogent proof of possession that is actual, visible, open, notorious, exclusive, continuous and uninterrupted for the statutory period of 15 years, hostile and under cover of claim of right." *Beach v Twp of Lima*, 489 Mich 99, 106; 802 NW2d 1 (2011) (quotation marks and citation omitted).